**Khawar MAQSOOD, Plaintiff–Appellant,**

v.

**BELL SECURITY, INC., Defendant–Appellee.**

No. 06–3926–cv.

United States Court of Appeals, Second Circuit.

Sept. 28, 2007.

Khawar Maqsood, Bronx, NY, pro se.

Scott A. Weiss, Weiss & Weiss, LLC, White Plains, N.Y. (Clifford J. Ingber, Ingber Law Firm, PLLC, on the brief), for Appellee.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, and Hon. SONIA SOTOMAYOR, and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

## SUMMARY ORDER

Khawar Maqsood appeals from an order of the District Court for the Southern District of New York (Sweet, *J.*) granting summary judgment in favor of defendant-appellee, Bell Security, Inc. ("Bell Security"). We assume the parties' familiarity with the underlying facts, the procedural

230

history, and the issues presented for review.

Maqsood brings this employment discrimination action against Bell Security under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"). The district court ruled that Maqsood failed to show an adverse employment action under the *McDonnell Douglas* framework on the basis of his assignment to multiple client sites, *see McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); *Joseph v. Leavitt,* 465 F.3d 87, 90 (2d Cir.2006), or on the basis that Maqsood was required to reapply for a position that he was later awarded. Finding, however, that a question of fact existed as to whether Bell Security terminated Maqsood in October 2001, the district court assumed for purposes of summary judgment that Bell Security had taken an adverse employment action against Maqsood. *See Sec. Ins. Co. of Hartford v. Old Dominion Freight Line, Inc.,* 391 F.3d 77, 83 (2d Cir.2004). The district court nonetheless concluded that Maqsood had failed to establish a *prima facie* claim of employment discrimination because he had presented no evidence linking this action to any discriminatory motive on the part of Bell Security. Moreover, the district court concluded that Maqsood's conclusory allegations of discrimination were insufficient to rebut Bell Security's proffered rationale for its conduct.

A grant of summary judgment is reviewed de *novo. Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of N.J., Inc.,* 448 F.3d 573, 579 (2d Cir.2006). "[S]ummary judgment is appropriate where there exists no genuine issue of material fact and, based on the undisputed facts, the moving party is entitled to judgment as a matter of law." *Id.* (internal quotation marks and citation omitted).

The evidence adduced by Maqsood to show discriminatory animus are sporadic and ambiguous comments unconnected to the October 2001 employment action. "[T]he more remote and oblique the [allegedly discriminatory] remarks are in relation to the employer's adverse action, the less they prove that the action was motivated by discrimination." *Tomassi v. Insignia Fin. Group, Inc.,* 478 F.3d 111, 115 (2d Cir.2007). Here, certain comments were allegedly made by Bell Security's employees approximately two years before Maqsood's termination, and were thus "remote" from any adverse employment action. Moreover, such comments were isolated, ambiguous, and insufficient to support a finding of discrimination based on national origin or religion.

Maqsood has failed to demonstrate a *prima facie* employment discrimination claim because he has not shown that the purported adverse employment action occurred under circumstances giving rise to an inference of discrimination. *See McDonnell Douglas,* 411 U.S. at 802, 93 S.Ct. 1817.

We have considered Maqsood's remaining claims and find them to be without merit. For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED.** Maqsood's pending motions are both **DENIED.**